

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. Hurwitz
Assistant Criminal District Attorney
Longview, Texas

Dear Sir:

                              Opinion No. O-1104
                              Re: Whether described instrument must
                                   be stamped before being admitted
                                   to record.

        We received your letter of July 8, 1939, enclosing copy
of an instrument dated Shreveport, Louisiana, June 27, 1939, ad-
dressed to Motor Finance Company, Inc., Shreveport, Louisiana,
signed and acknowledged by Victor Wenzel and Lena S. Wenzel, and
reading as follows:

    "Gentlemen:

    "Simplex Oil Company, Inc. has this day executed in your
    favor a note for the sum of $52,931.94 payable in install-
    ments as follows:

                    (There are then set out 13 monthly in-
            stallments in varying amounts)

    bearing eight per cent per annum . . . secured by mortgage
    on certain oil, gas and mineral leases owned by Simplex
    Oil Company, Inc., . . .

    "This note was given to you as a consolidation of notes
    held by Motor Finance Company, Inc., and of the security
    therefor, and to additionally secure the same.

    "We have personally endorsed the aforesaid note of even
    date herewith, and in order to further secure the same
    and provide for a means of liquidation in the event the
    makers should fail to pay the same as the installments
    respectively mature, we do hereby recognize that you are
    the holder of
                    (Four notes are described in amounts ranging
    from $15,000.00 to $28,621.84, dated from January 22,
    1934, to July 22, 1936)

    payable to your order and executed by Midway Petroleum
    Corporation, secured by deeds of trust covering the oil

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and gas mining leasehold owned at the date of said notes by Midway Petroleum Corporation covering and affecting

(Certain lands are described and being the same lands covered by an oil and gas lease executed by Joe E. Lawther to Simplex Oil Company, Inc. on August 12, 1931)

and that the said Midway Petroleum Corporation has heretofore assigned to J. R. Querbes, Trustee, oil, gas and other minerals produced and saved from the said property, which is now owned by us.

"We further recognize that the said notes, deeds of trust and assignments are valid and subsisting and are held by you as security for the note of the Simplex Oil Company, Inc., of even date herewith for the sum of $52,931.94 above described, and we do hereby pledge all sums hereafter accruing to us from the said Lawther Lease, under the terms of said assignments and the trust agreements and supplemental trust agreements executed by us pursuant thereto.

"In the event Simplex Oil Company, Inc., should fail to meet promptly at maturity any of the installments of the note of even date herewith given by it to Motor Finance Company, Inc., J. R. Querbes, Trustee, is authorized to pay over to the said Motor Finance Company, Inc., any sums then in his hands or thereafter coming into his hands, which would, under the aforesaid agreements be payable to Victor Wenzel and Lena S. Wenzel, up to but not exceeding a sum sufficient to meet the matured or maturing obligations of the Simplex Oil Company, Inc., to Motor Finance Co., Inc.

"It is the true intent of this agreement that, so long as any of the obligations of Simplex Oil Company, Inc. to Motor Finance Company, Inc., of even date herewith, remain past due and unpaid, all sums which under the present existing agreements are to be paid by J. R. Querbes, Trustee, to Victor Wenzel and Lena S. Wenzel, shall be paid by the said Querbes to Motor Finance Company, Inc. and credited on such matured obligations, and that this agreement shall continue in force until said note is completely liquidated."

Senate Bill No. 24, 46th Legislature, which amends Article 7047e, Revised Civil Statutes, reads, in part, as follows:

"(a)  Except as herein otherwise provided there is
hereby levied and assessed a tax of Ten (10¢) Cents on
each One Hundred ($100.00) Dollars or fraction thereof,
over the first Two Hundred ($200.00) Dollars, on all
notes and obligations secured by chattel mortgage, deed
of trust, mechanic's lien contract, vendor's lien,
conditional sales contract and all instruments of a
similar nature which are filed or recorded in the office
of the County Clerk under the Registration Laws of this
State;  provided that no tax shall be levied on instruments
securing an amount of Two Hundred ($200.00) Dollars, or
less.  After the effective date of this Act, except as
hereinafter provided, no such instruments shall be filed
or recorded by any County Clerk in this State until
there has been affixed to such instrument stamps in
accordance with the provisions of this section; . . ."

You request our opinion as to whether or not the above
described instrument must be stamped in accordance with the pro-
visions of said Senate Bill No. 24 in order to be recorded.

It is apparent from the above instrument that Victor Wenzel
and Lena S. Wenzel have or claim to have some interest in the oil,
gas and other minerals in the land described therein, and that on
account thereof they expect to be paid certain funds from the opera-
tion of the lease thereon.  Apparently such interest has been deeded
to J. R. Querbes to hold in trust for them and they accordingly
expect to receive from him any payments to which they may be entitled
on account of their interest in such minerals.  The effect of the
instrument in question is to create a lien upon the mineral interest
of Victor and Lena S. Wenzel to guarantee payment of the obligation
of $52,931.94 by Simplex Oil Company, Inc. to Motor Finance Company,
Inc.  It is provided that if at any time any part of the Simplex
Oil Company, Inc.'s obligations should become past due and unpaid,
any sums accruing to Victor and Lena S. Wenzel on account of their
said mineral interest shall be paid to Motor Finance Company, Inc.
and credited on said obligations of the Simplex Oil Company, Inc.
The intention of the parties to create a lien being clear, the form
of the instrument is immaterial.  29 Tex. Jur. p. 1192;  Hume v.
LeCompte, 142 S. W. 934, error refused;  Dunman v. Coleman, 59
Tex. 199.  Such lien is created by voluntary contract and in our
opinion is of a similar nature to the liens specifically described

in said Senate Bill No. 24.  In our opinion such instrument must be stamped before it will be entitled to record.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N

APPROVED JUL 19, 1939

W. F. Moore (signed)
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY    T. D. R.
chairman